**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4905**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

KENTWAN RUSSELL,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:11-cr-00679-CCB-1)

─────────────

Submitted: May 8, 2014              Decided: May 22, 2014

─────────────

Before NIEMEYER, MOTZ, and DUNCAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant. Michael Clayton Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kentwan Russell appeals his conviction and 180-month armed career criminal sentence imposed by the district court after he pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, Russell's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether the district court complied with Fed. R. Crim. P. 11, and whether Russell's sentence is reasonable. Although advised of his right to do so, Russell has not filed a pro se brief. We affirm.

Because Russell did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002); see Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (discussing standard of review). Although the district court neglected to inform Russell of certain trial rights, we conclude that the court's minor omissions did not affect his substantial rights. See United States v. Massenburg, 564 F.3d 337, 343 (4th Cir. 2009). Moreover, the district court ensured that Russell's plea was knowing and voluntary and that a factual basis supported the plea.

We review a sentence for reasonableness, applying "an abuse-of-discretion standard." Gall v. United States, 552 U.S.

2

38, 51 (2007). In so doing, we examine the sentence for significant procedural error." See id. If there is none, we "consider the substantive reasonableness of the sentence . . ., tak[ing] into account the totality of the circumstances." Id. Upon a thorough review of the sentencing proceedings, we conclude that Russell's sentence is procedurally reasonable and that Russell failed to rebut the presumption of substantive reasonableness afforded his within-Guidelines sentence. See United States v. Montes-Peneda, 445 F.3d 375, 379 (4th Cir. 2006) (explaining presumption of reasonableness).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Russell, in writing, of the right to petition the Supreme Court of the United States for further review. If Russell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Russell. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

3